UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Karen S. Bartlett et al.</u>

    v.                             Civil No. 08-cv-00358-JL

<u>Mutual Pharmaceutical</u>
<u>Company, Inc., et al.</u>

## **O R D E R**

The parties have filed cross-motions seeking to further depose plaintiff Gregory Bartlett.  Mutual initially took Mr. Bartlett's discovery deposition on October 28, 2009.  During the deposition, Mr. Bartlett refused to answer some of Mutual's questions, invoking his Fifth Amendment privilege against self-incrimination on the advice of his criminal counsel.  Mutual has now moved to compel his testimony, arguing that he had no basis for invoking the Fifth Amendment.[1]  The plaintiffs, noting that Mr. Bartlett is currently incarcerated and may be unavailable at trial, have moved for leave to take his trial preservation deposition.[2]

---

[1]Document no. 109.

[2]Document no. 101.  This court already denied the rest of the plaintiff's motion, which sought leave to take two other depositions after the deadline as well.  Order dated Dec. 1, 2009.

Having reviewed the relevant portions of Mr. Bartlett's deposition transcript, this court agrees with Mutual that none of its counsel's questions created any risk of self-incrimination. Mutual's motion is therefore GRANTED (except as to fees and costs[3]).  Mutual may reopen and complete Mr. Bartlett's discovery deposition.  Mr. Bartlett is hereby ordered to answer the questions that he previously refused to answer, as well as any other questions that do not require self-incrimination or a privilege waiver.[4]

This court also agrees with the plaintiff that a trial preservation deposition is warranted under the circumstances. There is good cause to extend the applicable deadline for that limited purpose.  Plaintiff's motion is therefore GRANTED as well (to the extent that it has not already been denied, see supra note 2).  Plaintiff may conduct a trial preservation deposition of Mr. Bartlett, with a maximum length of seven hours.  If feasible, that deposition shall be conducted on the same date as

---

[3]The request for fees and costs is denied because, among other things, the plaintiffs have shown an independent reason for further deposing Mr. Bartlett.  See infra.

[4]Since Mr. Bartlett's answers will be compelled by court order, this court's view is that they may not be introduced against him in any other proceeding, if later determined to be self-incriminatory.  See, e.g., Sher v. U.S. Dep't of Veterans Affairs, 488 F.3d 489, 501 n.10 (1st Cir. 2007).

the reopened discovery deposition in order to minimize expense

and inconvenience to the parties and witness.


**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  January 12, 2010

cc:  Bryan Ballew, Esq.
     Keith M. Jensen, Esq.
     Patrick J. O'Neal, Esq.
     Christine M. Craig, Esq.
     Timothy B. Beaupre, Esq.
     Jeffrey D. Geoppinger, Esq.
     Joseph P. Thomas, Esq.
     Paul J. Cosgrove, Esq.
     Linda E. Maichl, Esq.
     Stephen J. Judge, Esq.