UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen S. Bartlett

     v.                              Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc., et al.


**SUMMARY ORDER**

    The parties have asked this court to resolve three
discovery-related issues.  After conducting a telephonic hearing
on February 8, 2010, the court rules as follows:

    **(1) Discovery sanctions.** Plaintiff has requested attorney's
fees and costs pursuant to this court's order dated November 2,
2009, which granted sanctions for a discovery violation by
Mutual.  See Bartlett v. Mut. Pharm. Co., 2009 DNH 166.  But the
plaintiff did not comply with the express requirements of this
court's order, which stated that "plaintiffs shall submit to the
court, within 14 days of this order, an itemized bill"
substantiating any fees and costs incurred as a result of the
discovery error.  Id. at 20 (emphasis added).  The plaintiff
never submitted an itemized bill.  Instead, she argues that
Mutual effectively did so when it attached a document she had
provided to Mutual's counsel to its motion for reconsideration

(filed 14 days after the order).[1]  But the order instructed the <u>plaintiff</u> to file an <u>itemized bill</u>, not Mutual to file the document she had provided to mutual.  Having failed to do so, the plaintiff has waived any claim for attorney's fees and costs pursuant to the order.  Her request for fees and costs is therefore denied.

**(2) Bactrim documents.**  Mutual has requested that the plaintiff produce any and all Bactrim documents that plaintiff's counsel selected for copying during the on-site document review conducted on January 11-12, 2010 by stipulation of the parties.[2] The plaintiff has refused to produce them, citing the work-product privilege, which arguably applies here.  Even if that privilege applies, however, the plaintiff waived it by allowing defense counsel to observe the review and, in particular, to see which documents were being copied.  Moreover, Mutual has shown "that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means."  Fed. R. Civ. P. 26(b)(3)(A).  This court therefore orders the plaintiff to produce all of the selected Bactrim documents to Mutual within 10 days of this order.  Neither party is awarded fees and costs in connection with this issue, which the parties disputed in good faith.

---

[1]Document no. 104.

[2]Document no. 119.

**(3) Requests for admission**.  Finally, the plaintiff seeks to compel Mutual to respond to a large number of requests for admission ("RFAs"), which request that Mutual admit the authenticity and admissibility of most, if not all, of the documents that Mutual has produced in this case, as well as the plaintiff's medical records (totaling more than 35,000 pages). Mutual argues that the RFAs are overbroad and unduly burdensome. This court agrees.  Mutual need not respond to the plaintiff's blanket requests.  Rather, the plaintiff can ascertain Mutual's position as to the authenticity and admissibility of documents in one of two ways: (1) through a renewed set of RFAs that more specifically and reasonably describes the subset of documents as to which the plaintiff truly has a need for authentication; or (2) through the final pretrial arrangements in this case.[3]

**SO ORDERED.**

/s/ Joseph N. Laplante
Joseph N. Laplante
United States District Judge


Dated:  February 9, 2010

cc:     Bryan Ballew, Esq.
        Keith M. Jensen, Esq.
        Patrick J. O'Neal, Esq.

---

[3]If the plaintiff chooses the first option, she shall be allowed an additional 30 days to serve her renewed RFAs, beyond the agreed-upon deadline that the parties referenced during the hearing.

Christine M. Craig, Esq.
Timothy B. Beaupre, Esq.
Jeffrey D. Geoppinger, Esq.
Joseph P. Thomas, Esq.
Paul J. Cosgrove, Esq.
Linda E. Maichl, Esq.
Stephen J. Judge, Esq.