## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| **KAREN L. BARTLETT and GREGORY S. BARTLETT,** | **CASE NO.:  08-cv-358-JL** |
| **Plaintiffs,** | **Judge Joseph N. Laplante** |
| **vs.** | |
| **MUTUAL PHARMACUETICAL COMPANY, INC.,**  *et al.*, | |
| **Defendants.** | |

### DEFENDANT'S REQUESTED JURY INSTRUCTIONS

Defendant Mutual Pharmaceutical Company, Inc., by and through its undersigned counsel hereby submits its requested jury instructions and verdict form.  Defendant reserves the right to amend and/or supplement its proposed instructions and verdict form following the Court's rulings on pending motions and rulings made by the Court during the trial.  In addition, Mutual expressly reserves its right to file supplemental requests for jury instruction at the close of the evidence or at such earlier time during trial as the Court reasonably directs, as expressly provided by L.R. 16.2(b)(1).

Respectfully submitted,

*/s/  Paul J. Cosgrove*
Paul J. Cosgrove
(OH Bar No. 0073160)
*Pro hac vice*
Joseph P. Thomas
(OH Bar No. 0040379)
*Pro hac vice*
Linda E. Maichl
(OH Bar No. 0042042)
*Pro hac vice*
ULMER & BERNE LLP
600 Vine Street, Suite 2800

Cincinnati, Ohio  45202-2409
(513) 698-5000
(513) 698-5001 FAX
pcosgrove@ulmer.com
jthomas@ulmer.com
lmaichl@ulmer.com

Stephen Judge
(NH Bar No. 1292)
WADLEIGH, STARR & PETERS, P.L.L.C.
95 Market Street
Manchester, NH  03101
(603) 669-4140

Attorneys for Defendant
Mutual Pharmaceutical Company, Inc.

## PRELIMINARY STATEMENT REGARDING REQUESTED JURY INSTRUCTIONS

Pursuant to Local Rule 16.2(b)(1), Mutual acknowledges the directive that jury instructions such as "the role of the jury, evaluating witness credibility, burden of proof, and other instructions routinely given by the court are not to be included in the proposed jury instructions."  For the record, Mutual requests the Court provide instructions on the following topics[1]:

Preamble to Instructions

Equality of the Parties – Individuals and Corporations

Sympathy, Prejudice, Fear, or Favor to Be Avoided

Evidence Defined

Jury to Consider All the Evidence

Law From the Court

Inadmissible and Stricken Evidence

Credibility of Witnesses

Expert Witnesses

Preponderance of Evidence

Fact of Incident Not Evidence of Liability

Legal Fault

Damages – Closing Argument

Loss of Earning Capacity

---

[1] Mutual will submit proposed jury instructions on these issues should the Court request same.

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  1**

**Strict liability - Defective Design**

In order for Ms. Bartlett to recover for her injury for a defect in the design of Mutual's sulindac under a strict liability theory, she must prove by the greater weight of the evidence all the following:

1.      Ms. Bartlett took a generic pharmaceutical product manufactured by Mutual containing the active ingredient sulindac and normal binders and fillers; and

2.      The generic pharmaceutical product Ms. Bartlett took had a defect because the product contained an additional ingredient, other than sulindac and the normal binders and fillers in the product, that the ordinary consumer would not have expected to be in the product; and

3.      The additional ingredient, and not the sulindac or normal binders and fillers in the product, made the product defective; and

4.      The defective condition of Mutual's pharmaceutical product rendered it unreasonably dangerous; and

5.      The use of the product was reasonably foreseeable by Mutual; and

6.      Dr. Ergin was unaware of the dangers and risks associated with Mutual's pharmaceutical product; and

7.      The defective condition of Mutual's pharmaceutical product was a legal cause of the injury to Ms. Bartlett.

(*See* Restatement (Second) of Torts, § 402A *Cmt i* (1969); *Buckingham v. R.J. Reynolds Tobacco Co.*, 142 N.H. 822, 713 A.2d 381 (1998).)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  2**

**Negligence - Defective Design**

In order for Ms. Bartlett to recover for her injury for a defect in the design of Mutual's sulindac under a negligence theory, the greater weight of the evidence must show the following:

1.      That Mutual designed sulindac; and

2.      That Mutual did not act as a reasonably prudent manufacturer in designing sulindac; and

3.      Ms. Bartlett took a generic pharmaceutical product manufactured by Mutual containing the active ingredient sulindac and the normal binders and fillers; and

4.      The generic pharmaceutical product Ms. Bartlett took had a defect because the product contained an additional ingredient, other than sulindac and the normal binders and fillers, that the ordinary consumer would not have expected to be in the product; and

5.      The additional ingredient, and not the sulindac or the normal binders and fillers, made the product defective; and

6.      The defective condition of Mutual's pharmaceutical product rendered it unreasonably dangerous; and

7.      The use of the product was reasonably foreseeable by Mutual; and

8.      Dr. Ergin was unaware of the dangers and risks associated with Mutual's pharmaceutical product; and

9.      The defective condition of Mutual's pharmaceutical product was a legal cause of the injury to Ms. Bartlett.

(New Hampshire Civil Jury Instruction 6.1, as modified.)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  3**

**Negligence Defined – Design Defect**

Negligence is the failure to use reasonable care. Reasonable care is the degree of care which an ordinary, prudent generic drug manufacturer would exercise under the same or similar circumstances in the design of a generic pharmaceutical product. The failure to exercise reasonable care may take the form of action or inaction.  That is, negligence may consist of either: doing something that an ordinary, prudent generic drug manufacturer would do under the same or similar circumstances; or, failing to do something that an ordinary, prudent generic drug manufacturer would do under the same or similar circumstances.

The duty to use reasonable care arises from the risk to others which could be reasonably foreseen. Thus, Mutual may not be found negligent in the design of sulindac if it could not reasonably foresee that its conduct would result in an injury to another, or if its conduct was reasonable in light of the anticipated risks. Also bear in mind that a person or entity has no duty to anticipate the careless conduct of another.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 4

### Design Defect – Defect Defined

A defect in design occurs when the product sold has been manufactured in conformity with the manufacturer's design, but the design itself presents unreasonable dangers to users.

A defect in the design of a pharmaceutical product requires that the product contain an additional ingredient which the ordinary consumer would not expect to be present in the product. Pharmaceutical products that do not contain an additional ingredient the ordinary consumer would not expect are not defective as a matter of law. If you cannot find such an additional ingredient in this case – in other words, if Mutual's pharmaceutical product contained only sulindac and the necessary binders and fillers found in a prescription drug tablet, you must find for the defendant.

(New Hampshire Civil Jury Instruction 23.3, as modified; Restatement (Second) of Torts, § 402A *Cmt i* (1969).)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  5**

**Design Defect – Manufacturer Does Not Have a Duty to Design the Safest Product**

A manufacturer is not obliged to design the safest possible product, or a safer product, or one as safe as others make, so long as the design does not contain a defect that makes it unreasonably dangerous.

(*Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802 (1978).)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  6**

**Unreasonably Dangerous – Factors to Consider**

It is not sufficient for Ms. Bartlett to prove that a product is unreasonably dangerous.  She must prove that the product contained a defect in its design and that the defect caused the product to be unreasonably dangerous.  Accordingly, you will not decide whether Mutual's sulindac is unreasonably dangerous unless you first have decided that it is defective in design.

In order to prove that a defective design presents an unreasonable danger, Ms. Bartlett must present evidence from which you can assess the desirability and usefulness of the product to the public as a whole.  In weighing utility and desirability against danger, you should consider whether the risk of danger could have been reduced without a significant impact on product effectiveness and manufacturing cost.

(*Buckingham v. R.J. Reynolds Tobacco Co.*, 142 N.H. 822, 713 A.2d 381 (1998); *Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802 (1978 ).)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  7**

**Unavoidably Unsafe**

Only if you determine Mutual's sulindac was defective and that it was unreasonably dangerous, will you consider whether it was unavoidably unsafe.

Some products are so important that a manufacturer may avoid liability as a matter of law if the manufacturer has given proper warnings.  In order to avail itself of this defense, ordinarily, Mutual must prove by the weight of the evidence that the warning it provided to Dr. Ergin was proper.  In deciding whether the warning was proper, you should assess whether, through its warning, Mutual took available and reasonable steps to advise physicians of the risks associated with the product.  Mutual is not required to provide the best warning, or even a better warning than some other manufacturer.  Rather, Mutual is required to provide only a warning that was reasonable under the circumstances.

You may determine from the evidence that Dr. Ergin did not read the warning provided by Mutual.  If you find that Mutual's sulindac was unavoidably unsafe and that Dr. Ergin did not read the warning for Mutual's sulindac, you must find for Mutual because a failure to provide a reasonable warning cannot be a cause of plaintiff's injuries. Accordingly, if Mutual's sulindac was unavoidably unsafe, Mutual may avoid liability as a matter of law if it has given reasonable warnings of dangers incident to use of sulindac, or regardless of whether the warnings were reasonable, if Dr. Ergin did not read the warnings.

In considering any warning you believe Mutual should have provided, you must consider that Mutual need not warn of a one-in-a-million chance of injury.  Nor is Mutual

required to warn against dangerous uses which are not intended and not reasonably foreseeable by it.   Individual users do have certain responsibilities. Mutual cannot reasonably foresee and warn of every conceivable danger of its product.

If you find that Mutual's product was unavoidably unsafe and that Mutual's warning was adequate or that Dr. Ergin did not read it, you must find for Mutual, even if you determine that its sulindac was defective and unreasonably dangerous.

(New Hampshire Civil Jury Instruction 23.4, in part; *Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802 (1978 ); Restatement (Second) of Torts, § 402A *Cmt k*; Court's )


GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  8**

**Negligence of Dr. Ergin**

If you determine that a defect existed in Mutual's sulindac and that defect caused it to be unreasonably dangerous, and you find Mutual liable, you also are to determine whether Dr. Ergin was negligent.

*Negligence*

Negligence is the failure to use reasonable care. Reasonable care is the degree of care which an ordinary, prudent doctor would exercise under the same or similar circumstances. The failure to exercise reasonable care may take the form of action or inaction.  That is, negligence may consist of either: doing something that an ordinary, prudent doctor would do under the same or similar circumstances; or, failing to do something that an ordinary, prudent doctor would do under the same or similar circumstances.

The duty to use reasonable care arises from the risk to others which could be reasonably foreseen. Thus, Dr. Ergin may not be found negligent if he could not reasonably foresee that his conduct would result in an injury to another, or if his conduct was reasonable in light of the anticipated risks. Also bear in mind that a person has no duty to anticipate the careless conduct of another.

*Legal Cause*

Failure to exercise reasonable care amounts to legal fault if you find that such failure was a legal cause of the incident and injury. When is negligence a legal cause of harm? When the negligent conduct is a substantial factor in bringing about the harm, and if the harm would not have occurred without that conduct.

On the other hand, if negligent conduct is not a substantial factor in bringing about the harm, it cannot be the basis for a finding of legal harm.

In determining whether Dr. Ergin's conduct was a legal cause of Ms. Bartlett's injury, you need not find that Dr. Ergin's conduct was the sole cause of the injury. You need only find that it was a substantial factor in bringing about the injury, even though other factors also may have contributed to cause the injury.

*Summary*

To summarize – If you find Dr. Ergin was negligent, any recovery against Mutual will be reduced.  Mutual must prove Dr. Ergin's negligence and harm and that they have a direct, causal connection to plaintiff's injury.  Again, the negligence need not be the only cause of the injury, but it must be a substantial factor in bringing about the injury. In such a case, plaintiff's recovery against Mutual, if any, will be reduced based upon Dr. Ergin's negligence.


New Hampshire Civil Jury Instructions 6.1 and 13.1, in part.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  9

### Learned Intermediary

Dr. Ergin was aware of the risk of SJS and TEN from sulindac at the time he prescribed it to plaintiff.  As a result if you find that Mutual's sulindac was unavoidably unsafe, you must find for Mutual because a failure to provide a reasonable warning cannot have been a cause of plaintiff's injuries.  Accordingly, if Mutual's sulindac was unavoidably unsafe, Mutual may avoid liability as a matter of law if it has given reasonable warnings of dangers incident to use of sulindac, or regardless of whether the warnings were reasonable, if Dr. Ergin was aware of the risk of SJS and TEN at the time he prescribed it to plaintiff.

If you find that Mutual's product was unavoidably unsafe and that Mutual's warning was adequate or that Dr. Ergin was aware of the risk of SJS and TEN at the time he prescribed it to plaintiff, you must find for Mutual, even if you determine that its sulindac was defective and unreasonably dangerous.

*See Brochu v. Ortho Pharm. Corp.*, 642 F.2d 652, 656 (1st Cir. 1981); *McCue v. Norwich Pharmacal Co*., 453 F.2d 1033, 1035 (1st Cir. 1972); *Dupre v. G.D. Searle & Co*., 1987 U.S. Dist. LEXIS 16769 (D.N.H. Apr. 28, 1987).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  10

### Plaintiff's Failure to Follow Instructions

If you determine that a defect existed in Mutual's sulindac and that defect caused it to be unreasonably dangerous, and that Mutual is liable, you should then go on to determine if Ms. Bartlett committed misconduct that contributed to cause her injuries. With respect to her alleged misconduct, Mutual bears the burden to prove that it is more likely than not that she committed misconduct in the use of sulindac.

Misconduct includes, but is not necessarily limited to, abnormal use of the product, use of the product contrary to instructions, misuse of the product, failing to discover or foresee dangers which the ordinary person would have discovered or foreseen, and voluntarily and unreasonably proceeding to encounter a known danger.

If you find that the misconduct of Ms. Bartlett, if any, was not reasonably foreseeable by Mutual, Ms. Bartlett is not entitled to recover for her injuries.

Even in a case in which plaintiff's misconduct was reasonably foreseeable by the defendant, the plaintiff is not entitled to recover if that misconduct was more than 50 percent responsible for his/her own injuries.  If such plaintiff's misconduct contributed 50 percent or less to cause his/her own injuries, you may still return a verdict in favor of the plaintiff, but the amount of the verdict will be reduced by the court by the percentage represented by the plaintiff's misconduct.

(*See* New Hampshire Civil Jury Instruction 23.6, in part; RSA 507:7-d)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  11**

**"State of the Art" Defense**

A manufacturer may defend against a claim of design defect by demonstrating that it has complied with the state of the art.  The state-of-the-art test requires that the design be viewed in light of what was scientifically (and) technologically (and economically) feasible when the product was distributed/sold.  The test is not what the industry was doing when the product was distributed/sold.  The test is what the industry could feasibly have been doing scientifically (and) technologically (and economically) when the product was distributed/sold.

New Hampshire Civil Jury Instruction 23.7, in part

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  12

### Superseding Cause

Mutual may avoid liability if it demonstrates that the conduct of someone other than Ms. Bartlett or Mutual caused plaintiff's injuries.  Remember that Ms. Bartlett must prove that the cause of her injuries was a defect in the product.  If she has shown that a defect in the product was at least one of the causes of her injuries, the burden of proof is then on Mutual to prove that another person's conduct was actually the sole cause of the plaintiff's injuries.  Mutual must show that the other person's actions could not be reasonably foreseen by it.  If you find that Mutual could reasonably foresee the other person's conduct, then you should not consider the other person's conduct in reaching your verdict.  Under our law, unless someone other than Mutual was the sole cause of the plaintiff's injuries, you may find Mutual liable for Ms. Bartlett's injuries even though Mutual was only partly at fault.  If someone other than Mutual was a cause, but not the sole cause, of plaintiff's injuries, then you will apportion fault among the parties.

New Hampshire Civil Jury Instruction 23.8

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  13

### Apportionment

If the greater weight of the evidence does not support Mutual's defenses, and the greater weight of the evidence does support one or more of the claims of Ms. Bartlett, then you should determine and write on the verdict form what percentage of the total responsibility is chargeable to Mutual .

If, however, the greater weight of the evidence shows that generic sulindac was defective and unreasonably dangerous when sold by Mutual and the evidence also shows that Karen Bartlett or Dr. Ergin were negligent, and the negligence of either contributed as a legal cause of injury sustained by Ms. Bartlett, you should determine and write on the verdict form what percentage of the total negligence of all parties is chargeable to each.

In both instances, you also should write on the verdict form what percentage of the total negligence or other fault is chargeable to Ms. Bartlett, and/or to Dr. Ergin.

(*See DiBenedetto v. CLD Consulting Engineers, Inc*., 153 N.H. 493 (2006); *Bohan v. Ritzo*, 141 N.H. 210 (1996; RSA 507:7.)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  14

### Duty of Reasonable Care – No Duty to Anticipate Negligence

The duty to use reasonable care arises from the risk to others which could be reasonably foreseen.  Thus, a person may not be found negligent if he or she could not reasonably foresee that its conduct would result in an injury to another, or its conduct was reasonable in light of the risks.  Also bear in mind that a person has no duty to anticipate the careless conduct of another.

New Hampshire Civil Jury Instruction 6.16 and 6.3

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  15**

**Industry Standards**

You have heard testimony that Mutual complied with certain industry standards with regard to generic sulindac.  You may consider those standards and whether Mutual complied with them along with other evidence presented in determining whether Mutual used reasonable care with regard to generic sulindac.

 (*See Thibault v. Sears, Roebuck & Co.*, 118 N.H. 802, 814 (1978))

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 16

### Legal Cause – Defined

A defect in a product is a legal cause of injury if it directly and in natural and continuous sequence produces or contributes substantially to producing such injury so that it reasonably can be said that, but for the defect, the injury would not have occurred.

(*See LeFavor v. Ford*, 135 N.H. 311, 313 (1992); *Rawson v. Bradshaw*, 125 N.H. 94, 101 (1984); *Trull v. Volkswagen of America, Inc.*, 145 N.H. 259, 266-67 (2000).)


GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  17**

**Legal Cause**

In order to be regarded as a legal cause of injury, a defect in a product need not be the only cause.  A defect may be a legal cause of the injury even though it operates in combination with the act of another or some other cause if such other cause occurs at the same time as the defect has its effect, and if the defect contributes substantially to producing such injury.

(*See* N.H. Civil Jury Instructions § 7.1, 6.1; *LeFavor v. Ford*, 135 N.H. 311, 313 (1992).)

GIVEN: _____

REFUSED: _____

MODIFIED: _____

**DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  18**

**Comparative Fault**

This case has been tried under the law of comparative fault. Under this law, you may find that the plaintiff's injuries were the result of the legal fault of the defendant, the legal fault of the plaintiff, the legal fault of Dr. Ergin, or to some degree, the legal fault of each of them. If the greater weight of the evidence does not support Ms. Bartlett's design defect claim against Mutual, your verdict must be for Mutual.  However, if the greater weight of the evidence does support Ms. Bartlett's design defect claim against Mutual, then you shall consider the defenses raised by Mutual.

With regard to comparative negligence, the issues for your determination are whether Karen Bartlett was negligent and, if so, whether her negligence was a contributing legal cause of her injuries.  You also must determine whether Ms. Bartlett or Dr. Ergin were negligent or otherwise at fault for Ms. Bartlett's injuries, and if so, whether that negligence or fault was a contributing legal cause of Ms. Bartlett's injuries.

Under this law, a plaintiff who is more than 50% legally at fault for the incident cannot recover damages arising out of the incident. If a plaintiff is 50% or less legally at fault, she can recover damages -- but only in proportion to the amount of the defendant's legal harm.

For example, suppose plaintiff was found to be 51% legally at fault for an incident. In that case, the plaintiff would recover nothing. On the other hand, suppose a plaintiff and a defendant were each found 50% legally at fault and the total of the plaintiff's damages were found to be $1.00. In that case, the plaintiff would recover 50 cents. Thus, even if you find that the plaintiff and the defendant are equally at fault, the

plaintiff is still entitled to recover damages which you find were caused by the accident; such damages will, however, be reduced by half. Understand that you must determine the full amount of any damages suffered by the plaintiff; it will then be my responsibility to reduce those damages by any percentage of fault which you find attributable to the plaintiff.

As I have explained, in order for the plaintiff to recover, she must prove that the defendant is legally at fault for the accident and injuries. However, in connection with the defendant's claim that the plaintiff is at fault, the defendant carries the burden of proof. This is, the defendant must prove, by a preponderance of the evidence, that the plaintiff was legally at fault. In deciding whether the defendant has met its burden of proof, you must apply the law which I have given you regarding legal fault. Thus, the defendant must prove that the plaintiff failed to exercise care and that such failure was a substantial factor in bringing about his/her injury.

At the conclusion of my instructions, I will provide you with a special verdict form which asks you several questions. These questions will help you properly analyze the comparative fault issues, and I will explain the form in detail then.

New Hampshire Civil Jury Instruction 8.1

GIVEN: _____

REFUSED: _____

MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  19

### Elements of Personal Injury Damages

If your verdict is for Mutual, you will not consider the matter of damages. But if your verdict is for Ms. Bartlett, you should determine and write on the verdict form, in dollars, the total amount of damage which the greater weight of the evidence shows Ms. Bartlett sustained as a result of her injury, including any such damages that she is reasonably certain to incur or experience in the future.

In determining the total amount of any damages sustained by Ms. Bartlett, you shall consider only the following elements:

1. The reasonable value of medical (hospital, nursing) care, services, and supplies reasonably required and actually given in the treatment of plaintiff (and the reasonable value of similar items that will probably be required and given in the future).

2. The present value of lost wages to date or wages plaintiff probably would have earned to date if he/she had not been injured.

3. The present value of plaintiff's loss of earning capacity, that is, any future wages that plaintiff probably would have earned if he/she had not been injured.

4. Reasonable compensation for pain and suffering experienced to date and which will probably be experienced in the future. This includes compensation for physical pain, discomfort, fears, anxiety, mental and emotional distress, and loss of enjoyment of life--that is, the inability to carry on and enjoy life in a manner had the accident not occurred.

No definite standard (or method of mathematical calculation) is prescribed by law by which to fix reasonable compensation for pain and suffering. Nor is the opinion of any witness required as to the amount of such reasonable compensation. In making an award for pain and suffering you should exercise your reasonable judgment and the damages you determine have to be full, fair and adequate in light of the evidence.

New Hampshire Civil Jury Instruction 9.6

GIVEN:              _____

REFUSED:           _____

MODIFIED:          _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  20
### No Punitive Damages

The purpose of an award of damages is to compensate the plaintiff for her injuries, not to punish the defendant. You are not permitted to award money damages for the purpose of punishing the defendant or of making an example of it for the public good or of preventing it and others from similar conduct, or to compensate the plaintiff beyond the instruction I have given you regarding compensatory damages.[2]

(*See* R.S.A. 507:16;  *Fay v. Parker*, 53 N.H.342, 384, 1872 WL 4394 at *43  (1872) (going to great lengths to explain that so-called "enhanced" or "liberal" compensatory damages were merely an unfortunate linguistic relic of courts grappling with the notion of damages for mental suffering). Defendant maintains that the decisions which have followed have failed to grasp the import of *Fay v. Parker. E.g.*, *Munson v. Raudonis*, 118 N.H. 474, 479 (1978).)


GIVEN: _____

REFUSED: _____

MODIFIED: _____

---

[2] Mutual maintains that "enhanced compensatory damages" are not legally tenable, but in the event that the Court holds otherwise, the following additional paragraph from the N.H. Civil Jury Instructions should be used:

> If you find that plaintiff suffered actual damages that were caused or substantially caused by the conduct of the defendant, there are certain circumstances under which the law permits you, but does not require you, to consider an award of additional damages to reflect aggravating circumstances. These damages are called "enhanced damages" or "liberal compensatory damages." You may award these damages only if you find that the defendant's conduct was more probably than not wanton, malicious, or oppressive. "Wanton" means reckless indifference or disregard of consequences. "Malicious" means ill-will, hatred, hostility, or bad motive. "Oppressive" means abuse of power.

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO.  21
### Duty to Mitigate

A person who has been injured by the wrongful act of another is obligated to exercise reasonable care and effort to avoid loss and to minimize the damages. She may not recover for losses which could have been prevented by her making reasonable efforts without undue risk on her part. She may also recover expenditures reasonably incurred to avoid or minimize

It is the duty of a person who has been injured to use reasonable effort without undue risk or expense in caring for her injuries and reasonable means to prevent their aggravation and to accomplish healing.

When a person does not use reasonable efforts to care for her own injuries, and those injuries are aggravated as a result of such failure, the responsibility of another whose act or omission was a cause of the original injury, is limited to the amount of damage that would have been suffered had the injured person herself exercised the effort required of her.

The fact that a competent physician advised an injured person to submit to a course of treatment or operation does not justify an inference that the injured person was unreasonable in declining such treatment or operation. Other factors as confronted the injured person must be considered in determining whether, although she refused or failed to follow the physician's advice, she nevertheless exercised reasonable efforts in caring for herself and her injuries.

You should not include in the verdict such damages, if any, that the plaintiff could have avoided by reasonable effort, without undue risk or expense.

New Hampshire Civil Jury Instruction 9.15

GIVEN: _____
REFUSED: _____
MODIFIED: _____

## DEFENDANT'S REQUESTED JURY INSTRUCTION NO. 22

### Standard Final Instruction

Members of the jury:

The principles of law given to you in these instructions, as I said before, are intended to guide you in reaching a fair and just verdict in this case which is of utmost importance to the parties as well as the court. You should decide the facts of this case without passion, without sympathy, and without prejudice but with honesty and understanding. You should be conscientious of a just result in this case as that is your highest duty as officers of this court. You will render your verdict by filling out the jury verdict form provided.

Your verdict must be unanimous, that is, you must all agree. In order to ensure that the verdict is in fact unanimous, the verdict of the jury as a whole must be the verdict of each of you individually.

The duty of the foreperson of the jury is to act very much like the chairperson of a committee, making certain that each and every member of the jury is given a full and fair opportunity to present his or her views and opinions on each of the issues presented to you for determination. You are each instructed to consider each other's views and opinions and in the final instance reach your own conclusions.

In the event you have some question relative to my instructions or the legal issues presented in this case, please put the question in writing, have the foreperson sign the question and, if you remember to do so, write down the time you presented the question to the court officer. He will then present the question to me for response which I will furnish you after I have had the opportunity to discuss the question and proposed answer with counsel. I cannot comment

on the evidence, as that is not my role. As I said previously, it is up to you to evaluate the evidence and you must use your own recollection of it.

You may now retire and commence your deliberations, and I will see to it that the exhibits that have been entered in this case are delivered to you.

New Hampshire Civil Jury Instruction 1.9


GIVEN:              _____
REFUSED:           _____
MODIFIED:          _____

## DEFENDANT'S PROPOSED
## VERDICT FORM

We, the jury, return the following verdict:

1.      Did you find by the greater weight of the evidence each of the following items?

•       Ms. Bartlett took a generic pharmaceutical product manufactured by Mutual containing the active ingredient sulindac and normal binders and fillers; and

•       The generic pharmaceutical product Ms. Bartlett took had a defect because the product contained an additional ingredient, other than sulindac and the normal binders and fillers in the product, that the ordinary consumer would not have expected to be in the product; and

•       The additional ingredient, and not the sulindac or normal binders and fillers in the product, made the product defective; and

•       The defective condition of Mutual's pharmaceutical product rendered it unreasonably dangerous; and

•       The use of the product was reasonably foreseeable by Mutual; and

•       Mutual's pharmaceutical product was not unavoidably unsafe; and

•       Dr. Ergin was unaware of the dangers and risks associated with Mutual's pharmaceutical product; and

•       The defective condition of Mutual's pharmaceutical product was a legal cause of the injury to Ms. Bartlett.


YES_____   NO_____

If your answer to question 1 is YES, answer question 2.  If your answer to question 1 is NO,

sign the verdict form and return it to the courtroom.


2.      Do you find by the greater weight of the evidence that Dr. Ergin was negligent

and that his negligence was a legal cause of Ms. Bartlett's injuries?

YES_____   NO_____

Proceed to question 3.

       3.     Do you find by the greater weight of the evidence that Ms. Bartlett was negligent

and that her negligence was a legal cause of her injuries?

YES_____   NO_____

If your answer to questions 2 and 3 were both "NO," please skip question 4 and proceed directly

to question 5.  If your answer to either question 2 or question 3 or both was "YES," please

answer question 4.

       4.     State the percentage of any negligence or fault, which was a legal cause of loss,

injury, or damage to Karen Bartlett that you charge to:

Mutual                                            _____%

Dr. Ergin                                    _____%

Ms. Bartlett                               _____%

                                         Total must be 100%

       5.     By answering the following questions you will determine the damages if any that

Karen Bartlett sustained as a result of the incident in question.  In determining the amount of

damages, do not make any reduction because of the negligence, if any, of Dr. Ergin or

Ms. Bartlett.  If you find that Dr. Ergin or Ms. Bartlett was to any extent negligent, the court in

entering judgment will make an appropriate reduction in the damages awarded.

       a.      What is the amount of any medical or other expenses, including attendant care and treatment, resulting from Ms. Bartlett 's  injury?

$ _____

       b.      What is the amount of any medical expenses paid by Ms. Bartlett?

$ _____

       c.      What is the amount of any loss by Ms. Bartlett in pain and suffering as a result of the injury.

$ _____

       d.      What is the amount of any loss by Ms. Bartlett in lost wages, including future earnings as a result of the injury.      $ _____

       6.      You also must determine whether the evidence shows that Mutual acted

maliciously, oppressively or wantonly.  If you so find, indicate the amount of enhanced

compensatory damages as a result of the injury.      $ _____

New Hampshire Civil Jury Instruction 8.2 Special Verdict Form (as modified)

GIVEN:           _____

REFUSED:      _____

MODIFIED:     _____

Respectfully submitted,

*/s/  Paul J. Cosgrove*
Paul J. Cosgrove
(OH Bar No. 0073160)
*Pro hac vice*
Joseph P. Thomas
(OH Bar No. 0040379)
*Pro hac vice*
Linda E. Maichl
(OH Bar No. 0042042)
*Pro hac vice*
ULMER & BERNE LLP
600 Vine Street, Suite 2800
Cincinnati, Ohio  45202-2409
(513) 698-5000
(513) 698-5001 FAX
pcosgrove@ulmer.com
jthomas@ulmer.com
lmaichl@ulmer.com

Stephen Judge
(NH Bar No. 1292)
WADLEIGH, STARR & PETERS, P.L.L.C.
95 Market Street
Manchester, NH  03101
(603) 669-4140

Attorneys for Defendant
Mutual Pharmaceutical Company, Inc.,

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 19th day of July, 2010, a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system, and notice of the filing was given via electronic notice to the following:

Christine M. Craig
P.O. Box 977
140 Washington Street
2nd Floor
Dover, NH 03821-0977
ccraig@shaheengordon.com

Keith M. Jensen
Bryan Ballew
Eric Roberson
JENSEN, BELEW & GONZALEZ, PLLC
1024 N. Main Street
Fort Worth, TX  76164
kj@kjensenlaw.com

Stephen Judge
WADLEIGH, STARR & PETERS, P.L.L.C.
95 Market Street
Manchester, NH  03101
sjudge@wadleighlaw.com

Eric Roberson
Eric Roberson, of Counsel
Jensen, Belew & Gonzalez, PLLC
1024 North Main Street
Fort Worth, Texas  76164

*/s/ Paul J. Cosgrove*