UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen S. Bartlett

    v.                                      Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc.

**ORDER**

This court accepts Mutual's sur-reply (doc. 267) to Bartlett's motion to strike Dr. Stern (doc. 230) and grants the request for leave to exceed the page limits.

Having considered the sur-reply, however, this court stands by its earlier ruling (doc. 251). Mutual still has not provided a satisfactory explanation, much less a substantial justification, see Fed. R. Civ. P. 37(c)(1), for failing to produce Dr. Stern's manuscript.[1] The fact that the manuscript was kept at the hospital where Dr. Stern works, rather than being "independently retained" in his "separate medico-legal files" or "in any of the places where [he] searched," does not mean that it was outside of his control for purposes of Fed. R. Civ. P. 45(a). Control is a broad concept and encompasses more than mere

---

[1] Mutual claims that Dr. Stern simply "forgot about the document's existence." But this is the second time in less than two years that Dr. Stern has allegedly forgotten about it. The very same document was brought to his attention during an April 2008 deposition in Lofton v. McNeil Consumer & Specialty Pharms., No. 05-cv-1531-L (N.D. Tex.), another case involving an NSAID that allegedly caused SJS/TEN. Mutual claims that Dr. Stern "forgot the document existed in Lofton too." But that excuse becomes less compelling each time it is used.

possession. See, e.g., 7 Moore's Federal Practice § 34.14[2][b], at 34-73 (3d. ed. 2010). Here, the fact that Dr. Stern created the manuscript, the circumstances under which he created it, and the nature of his relationship with the hospital, establish sufficient control. See id. at 34-76 (listing those as relevant factors in analyzing issues of control).

Mutual argues that the manuscript actually has no significance to this case and that Bartlett "continually has attempted to place blinders on the Court to distract it and mislead it into believing the facts are whatever plaintiff purports them to be." But it is hard to learn the facts when a party fails to produce them. "Placing blinders" is a strong accusation for Mutual to make, since it is Mutual that has failed on more than one occasion to produce relevant documents. See Bartlett v. Mut. Pharm. Co., 2009 DNH 166 (imposing sanctions against Mutual for the late production of certain FDA filings). As for the significance of the manuscript, that is yet to be determined, and of course is not entirely for Mutual to say, which is why this court ordered supplemental depositions.

It is especially hard to swallow Mutual's argument that the failure to produce Dr. Stern's manuscript was harmless. See Fed. R. Civ. P. 37(c). As Mutual is well aware, the final version of that article has been a centerpiece of Bartlett's case from the beginning. All along, Mutual has insisted that the article is insignificant, in part because it lacks certain data about the

number of Sulindac prescriptions against which to compare the number of reported SJS/TEN cases.  Now, on the eve of trial, Bartlett has discovered that the earlier draft actually contained such data.  There is no question that Bartlett has and will expend "real resources" evaluating that draft and incorporating it into her case.  <u>Primus v. United States</u>, 389 F.3d 231, 236 (1st Cir. 2004) (noting that "evidentiary changes on the eve of trial are much more problematic and disruptive of trial preparation").

For all of these reasons, the court's earlier ruling (doc. 251) remains in effect.

**SO ORDERED.**


<u>/s/Joseph N. Laplante</u>
Joseph N. Laplante
United States District Judge

Dated:  July 23, 2010

cc:  Keith M. Jensen, Esq.
     Bryan Ballew, Esq.
     Patrick J. O'Neal, Esq.
     Christine M. Craig, Esq.
     Eric Roberson, Esq.
     Timothy P. Beaupre, Esq.
     Jeffrey D. Geoppinger, Esq.
     Joseph P. Thomas, Esq.
     Linda E. Maichl, Esq.
     Paul J. Cosgrove, Esq.
     Stephen J. Judge, Esq.