UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen L. Bartlett

    v.                                Civil No. 08-cv-358-JL

Mutual Pharmaceutical
Company, Inc.

**SUMMARY ORDER**

    The court GRANTS Bartlett's motion for a finding that certain of her potential witnesses, i.e., Drs. Claes Dohlman, Nam Heui Kim, and Joel Stein, and Ms. Rebecca Padulo, would be "unavailable" at trial under Rule 32(a)(4) of the Federal Rules of Civil Procedure (document no. 240).  Bartlett's filing makes a sufficient demonstration of that fact as to each witness, and Mutual does not contest those showings.

    Mutual does object, however, to much of the deposition testimony itself.  Those objections--which, Mutual tellingly says, cover "virtually all the testimony elicited by plaintiff in this case"--will be resolved by the court if and when necessary.  But Bartlett asks the court to rule on certain challenged portions of Dr. Kim's testimony sufficiently in advance of trial so that, if it is deemed inadmissible, the court can "enter an order compelling Dr. Kim to appear at trial."

The court sees no problem with resolving the admissibility of this testimony at this time (and, while Bartlett's motion seems to anticipate that Mutual would object to that process, it does not). Indeed, that is the whole point of pre-trial motions in limine. The court does see a problem, though, with compelling the testimony of a witness who, so far as the record indicates, has not been subpoenaed for trial, see Fed. R. Civ. P. 45(a)(2)(A), let alone indicated that she would not comply with such a subpoena if it issues. Dr. Kim is located in or near Worcester, Massachusetts, within this court's subpoena power. See Fed. R. Civ. P. 45(b)(2)(B). If Bartlett decides that she wants Dr. Kim to appear at trial (whether because the court sustains certain objections to her deposition testimony or otherwise), then Bartlett can seek the issuance of a subpoena to that end, and the court can then resolve whatever request for relief Dr. Kim makes in response. See Fed. R. Civ. P. 45(c)(3). The fact that Dr. Kim is expected to be out of the country for most if not all of the trial period does not empower this court to compel her to testify in the absence of a valid subpoena and a request for relief therefrom. Cf. Fed. R. Civ. P. 45(e).

To assist Bartlett in deciding whether to subpoena Dr. Kim, the court makes the following rulings on Mutual's objections to Dr. Kim's testimony, insofar as that testimony is reproduced in

Bartlett's motion (document no. 240) at pages 5-9, Mutual's objection thereto (document no. 270), its motion in limine (document no. 205), and its objections to Bartlett's deposition designations (document no. 206) and her witness list (document no. 210). The court does not resolve here the admissibility of any other portions of Dr. Kim's deposition testimony, or the admissibility of portions of the deposition testimony of any other witness.

**General objections**

Mutual objects to much of Dr. Kim's testimony as "improper opinion from a non-retained expert," since she was one of Bartlett's treating physicians. As this court recently explained, Dr. Kim (like all of Bartlett's treating physicians whom she seeks to call as witnesses) was disclosed as a non-retained expert in accordance with Rule 26(a)(2)(A) of the Federal Rules of Civil Procedure, and therefore may offer expert testimony "about whether Sulindac caused Bartlett's injuries, provided [she] reached that conclusion in a reliable manner while examining and treating Bartlett." Bartlett v. Mut. Pharm. Co., 2010 DNH 123, 37 (document no. 269) (citing Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998)).

3

While a number of Dr. Kim's challenged statements express opinions as to the cause of Bartlett's injuries or the need for particular treatments in response, nearly all of those statements or their prefatory questions make clear that Dr. Kim formed those opinions during her treatment of Bartlett.  Moreover, the opinions appear reliable, based on Dr. Kim's training and experience.  Such opinions are therefore admissible.  See id. Insofar as any of Dr. Kim's challenged opinions do not meet these criteria, Mutual's objection is sustained as noted below.

Mutual also objects to all of the testimony at issue as the product of leading questions in violation of Rule 611(c) of the Federal Rules of Evidence, which provides that, with exceptions not relevant here, "[l]eading questions should not be used on direct examination except as may be necessary to develop the witness' testimony."  Because dealing with such questions "clearly falls within the area of control by the judge over the mode and order of interrogation and presentation," this rule (stating "should" as opposed to "shall") "is phrased in words of suggestion rather than command."  Fed. R. Evid. 611(c) advisory committee's note (1972).  Exercising this discretion, the court overrules Mutual's objections to the questions as leading.  As Bartlett points out, Dr. Kim's expertise creates very little if

any risk that she succumbed to the "suggestive powers" of any leading questions posed by Bartlett's counsel.  See id.

Finally, Mutual objects to all of Dr. Kim's testimony as both irrelevant and cumulative, as well as unfairly prejudicial. Those first two objections would appear inconsistent with each other, but all of these objections are overruled in any event.


**Specific objections**

| Page and line number | Ruling |
| --- | --- |
| 19:3-20 | Sustained.  While Dr. Kim may have been able to testify to how she interpreted Dr. Schultz's note while treating Bartlett, she was asked how she interprets it now, making her answer either undisclosed expert opinion under Rule 702 or speculation under Rules 602 or 703. |
| 20:17-21:12 | Overruled. |
| 22:1-25 | Overruled. |
| 24:2-9 | Sustained, insofar as the question asserts what Dr. Ryan's conclusion was, but overruled as to the state of Dr. Kim's own knowledge. |
| 24:12-19 | Sustained, for the same reason as the objection to page 19, lines 3-20. |
| 40:24-41:8 | Overruled. |
| 41:9-41:25 | Sustained, insofar as the question asserts what Dr. Ryan's conclusion was, but overruled as to the state of Dr. Kim's own knowledge. |

| | |
|---|---|
| 81:5-13 | Sustained.  While Dr. Kim may have been able to testify to how she interpreted Dr. Sheridan's note while treating Bartlett, she was asked how she interprets it now, making her answer either undisclosed expert opinion under Rule 702 or speculation under Rules 602 or 703. |
| 85:5-86:1 | Overruled. |
| 124:7-18 | Overruled.  Dr. Kim was asked what her opinion "was" as to the care Bartlett needed. |
| 129:10-130:16 | Overruled.  The context fairly indicates that these statements as to the treatment Bartlett received are based on Dr. Kim's own treatment of her. |
| 150:7-151:1 | Overruled. |

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 26, 2010

cc:  Keith M. Jensen, Esq.
     Bryan Ballew, Esq.
     Patrick J. O'Neal, Esq.
     Eric Roberson, Esq.
     Christine M. Craig, Esq.
     Timothy P. Beaupre, Esq.
     Joseph P. Thomas, Esq.
     Paul J. Cosgrove, Esq.
     Jeffrey D. Geoppinger, Esq.
     Linda E. Maichl, Esq.
     Stephen J. Judge, Esq.