UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen L. Bartlett

v.                                          Civil No. 08-cv-358-JL
                                            Opinion No. 2010 DNH 125
Mutual Pharmaceutical
Company, Inc.

**SUMMARY ORDER**

Bartlett has moved in limine to exclude various types of evidence from the upcoming trial.  See L.R. 16.2(b)(3).  This court will address each of her motions in turn.

**Motion #1: Generic drug pricing** (doc. 185)

**(a)-(b)** Bartlett seeks to exclude evidence that generic drugs cost less than brand-name drugs.  But such evidence is relevant background information, see Faigin v. Kelly, 184 F.3d 67, 81 (1st Cir. 1999) (calling it "well-settled that 'context' evidence generally is admissible"), and is not unfairly prejudicial to Bartlett.  Her request is therefore denied.  See Fed. R. Evid. 401-403.

**(c)-(d)** Bartlett seeks to exclude any suggestion by Mutual that a verdict against it in this case would result in higher drug prices.  Mutual states that it has no intent to make any such suggestion.  Bartlett's request is therefore granted.  See Fed. R. Evid. 403.

**(e)-(i)** Bartlett seeks to exclude evidence that her doctor, instead of prescribing a particular manufacturer's version of Sulindac, allowed the pharmacy to decide which version to use, and that the pharmacy chose Mutual's because of its lower cost. Evidence about the doctor's prescription decision is relevant background information, see Faigin, 184 F.3d at 81, and is not unfairly prejudicial to Bartlett, so her request to exclude it is denied.  See Fed. R. Evid. 401-403.  But evidence about the pharmacy's reason for choosing Mutual's version appears to be speculative, see Bartlett v. Mut. Pharm. Co., 2010 DNH 123, 12, see also Fed. R. Evid. 602 (permissible basis for fact witness testimony), 701 (permissible basis for lay opinion testimony) 703 (permissible basis for expert opinion testimony), and Mutual has not explained how it is relevant, see Fed. R. Evid. 401, 402. Bartlett's request to exclude it is therefore granted.

**Motion #2: Bartlett's husband** (doc. 186)

Bartlett seeks to exclude evidence of various facts regarding her husband and former co-plaintiff Greg Bartlett, including his problems with alcohol, his prior arrests and misdemeanor convictions, his incarceration and house arrest, his resulting resignation from work and continued unemployment, and his inability to care for his wife.  The motion is granted in

part.  Such evidence is not admissible to impeach Bartlett or her husband.  <u>See</u> Fed. R. Evid. 608, 609.

The evidence may, however, have some bearing on the amount of Bartlett's damages, in that her husband's legal troubles and job loss could be the source of some of her claimed emotional distress.  <u>See</u> Fed. R. Evid. 401, 402.  This court will determine at trial whether to allow some cross-examination in that regard and, if so, what limits are necessary to prevent unfair prejudice to Bartlett.  <u>See</u> Fed. R. Evid. 403.

**Motion #3: Collateral sources** (doc. 188)

**(a)** Bartlett seeks to exclude evidence of any life or disability insurance, free or discounted transportation, or other government or charitable benefits that she has received as a result of her injuries.  Her request is granted.  All of the benefits at issue fall within the collateral source rule, which provides that "if a plaintiff is compensated in whole or part for his damages by some source independent of the tort-feasor, he is still permitted to make full recovery against [the tort-feasor]."  <u>Aumand v. Dartmouth Hitchcock Med. Ctr.</u>, 611 F. Supp. 2d 78, 90 (D.N.H. 2009) (quoting <u>Moulton v. Groveton Papers Co.</u>, 114 N.H. 505, 509 (1974)).  Thus, the probative value of such evidence is

substantially outweighed by the risk of unfair prejudice.  See
Fed. R. Evid. 403.

**(b)** Bartlett asks this court to compel one of Mutual's
experts, Jane Mattson, to acknowledge at trial that her life care
plan for Bartlett omitted certain costs paid or provided by
collateral sources.  The request is denied.  Bartlett is free to
cross-examine Mattson about whether she omitted certain costs,
and Mattson must answer without reference to collateral sources
potentially available to pay those costs.  But this court will
not compel particular testimony.  See id.

**(c)** Bartlett seeks to exclude evidence that her healthcare
providers accepted less than face value in settlement of her
medical bills.  The request is granted.  Such write-offs are also
covered by the collateral source rule.  See Reed v. Nat'l Council
of Boy Scouts of Am., Inc., 2010 DNH 18, 18-28; Aumand, 611 F.
Supp. 2d at 90-92.  Thus, the probative value of such evidence is
substantially outweighed by the risk of unfair prejudice.  See
Fed. R. Evid. 403.

**(d)** Although a defendant is normally allowed to challenge
the reasonableness of medical bills, see Reed, 2010 DNH 18, at
28, Bartlett argues that Mutual should be prohibited from doing
so because it failed to designate an expert on that issue.  This
request is denied.  It is Bartlett's burden to prove damages,

4

including that her medical expenses were reasonable.  Mutual may,
at the very least, use cross-examination to challenge the
evidence that Bartlett presents (though it may not use evidence
of the write-offs to do so, <u>see Aumand</u>, 611 F. Supp. 2d at 91-
92).  If Mutual attempts to introduce its own evidence of
unreasonableness, this court will consider any objections
Bartlett may have at that time.

**(e)**  Bartlett also seeks to exclude evidence of her husband's
past or future income.  This request is subject to the same
analysis as limine motion #2, <u>supra</u>.

**(f)**  Finally, Bartlett seeks to exclude evidence that her
disability insurer concluded, as of January 2008, that she was
not totally disabled.  Her request is granted, as that conclusion
is hearsay, <u>see</u> Fed. R. Evid. 801(c), and Mutual has not argued
that it is not hearsay, or for any hearsay exception.  Moreover,
the evidence is unfairly prejudicial to Bartlett, <u>see</u> Fed. R.
Evid. 403, because it would reveal a collateral source of
benefits and also could cause "the trial [to] deteriorate into a
protracted and unproductive struggle" over the validity and
significance of the disability insurer's decision.  <u>L'Etoile v.
New Eng. Finish Sys., Inc.</u>, 575 F. Supp. 2d 331, 334 (D.N.H.
2008) (quoting <u>Paolitto v. John Brown E. & C., Inc.</u>, 151 F.3d 60,
65 (2d Cir. 1998)).

**Motion #4: Jury instructions** (doc. 189)

This motion, which proposes two jury instructions, is taken under advisement and will be considered in connection with the parties' recent submissions of proposed jury instructions (see docs. 258 and 264).

**Motion #5: Expert motion redux** (doc. 190)

This motion simply reproduces Bartlett's motion to exclude or limit expert testimony (doc. 128), on which this court recently ruled.  See Bartlett, 2010 DNH 123.  It is therefore denied as moot.

**Motion #6: Bartlett's doctor** (doc. 191)

**(a)** Bartlett seeks to exclude any reference to certain comments that her treating physician, Dr. Tahsin Ergin, made to her counsel regarding an unsigned draft of his written declaration.  The comments were somewhat critical of language drafted by Bartlett's counsel, calling a comparison of Sulindac to other NSAIDs "fairly selective" and requesting its removal.  Bartlett's request is granted.  The comments have little to no bearing on Dr. Ergin's credibility, which is Mutual's stated reason for using them.  They have more to do with Bartlett's counsel's credibility, which of course is not relevant, see Fed.

R. Evid. 401, 402, and renders the comments unfairly prejudicial to Bartlett, see Fed. R. Evid. 403, to an extent that outweighs any other probative value they may have.[1]

**(b)** Bartlett seeks to exclude any references to Dr. Ergin's testimony about medical literature and data that post-date his treatment of Bartlett.  Her request is granted.  Such testimony cannot be presented as expert opinion, because Dr. Ergin did not produce an expert report, see Fed. R. Civ. P. 26(a)(2)(A), and thus may not answer "hypothetical questions" that require specialized knowledge and "include information not learned during the course of treatment."  Bartlett, 2010 DNH 123, at 37 (quotation omitted).  Nor can such testimony be presented as lay opinion, because post-treatment literature and data could not possibly have affected Dr. Ergin's decision to prescribe Sulindac to Bartlett and thus is not relevant for reasons independent of his expertise.  See Fed. R. Evid. 701 (requiring lay opinion testimony to be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue" and "not based on ... specialized knowledge").

---

[1] In the highly unlikely event that Dr. Ergin's trial testimony creates the possibility that the comments become a vehicle for permissible impeachment, see Fed. R. Evid. 608(b), 613, Mutual's counsel shall request a sidebar or similar conference to proffer the statements before impeaching with or offering them.

**Motion #7: FDA's wishes** (doc. 192)

This motion seeks to exclude any references to what the FDA or its personnel "want" from generic drug manufacturers, or what they "would or would not have approved, considered, or rejected." The motion is granted, as any such testimony would be speculative and unfairly prejudicial.  See Bartlett, 2010 DNH 123, at 6-7, 34 (granting both parties' motions to exclude expert testimony of this sort); see also Fed. R. Evid. 602 (permissible basis for fact witness testimony), 701 (permissible basis for lay opinion testimony).

**Motion #8: Bad luck** (doc. 193)

**(a)** Bartlett seeks to exclude lay witnesses from attributing her injuries to "bad luck," "luck of the draw," or similar phrases.  It is difficult to envision how or why this issue would arise at trial, as lay opinion of that sort obviously is not "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue."  Fed. R. Evid. 701. Still, even if it does arise, any prejudice to Bartlett is likely to be minimal, since a lay witness has no authority on such matters.  Cf. Bartlett, 2010 DNH 123, at 11 n.2.  Bartlett's request is nonetheless granted under Rule 701.

8

**(b)** Bartlett also seeks to preclude lay witnesses from opining that they have no criticism of Mutual's actions. Her request is granted. Such testimony would not be "helpful to a clear understanding of the witness' testimony or the determination of a fact in issue" and thus is not permissible lay opinion. <u>See</u> Fed. R. Evid. 701.

**Motion #9: Litigation history** (doc. 194)

Bartlett seeks to exclude any references to her prior complaint in this case, prior parties that have been dismissed, or prior claims that have been dismissed. Since Mutual has no objection to this motion, it is granted. <u>See</u> Fed. R. Evid. 401-403; <u>L'Etoile</u>, 575 F. Supp. 2d at 339-40.

**Motion #10: Bartlett's counsel** (doc. 195)

Bartlett seeks to exclude various facts about her counsel and about other SJS/TEN litigation. Since Mutual has no objection to this motion, it is granted. <u>See</u> Fed. R. Evid. 401-403.

**Motion #11: Good character** (doc. 196)

**(a)-(c)** Bartlett seeks to exclude any testimony or argument that vouches for the good character of the FDA, Mutual, or their

employees, and how hard-working they are.  Mutual objects that
such testimony is merely background information that should be
permitted to help the jury put this case in context.  But Mutual
can provide an adequate background without introducing
impermissible character evidence of that sort.  Bartlett's
request is therefore granted.  See Fed. R. Evid. 404(a), 608.
This ruling is without prejudice, however, to being revisited
should Bartlett "open the door" with evidence of the FDA's
alleged lack of resources or capability.  Cf. United States v.
Fowler, 620 F. Supp. 2d 229, 233 (D.N.H. 2009) (noting that a
party can "open[] the door to cross-examination on [otherwise
inadmissible character] evidence by testifying about the subject
on direct") (citing United States v. Balthazard, 360 F.3d 309,
317 (1st Cir. 2004)).

     **(d)** Bartlett also seeks to exclude any references, first, to
drugs other than Sulindac that Mutual manufactures, and second,
to any good acts done by Mutual that are unrelated to the issues
in this case (such as charitable donations or discounted drugs
for the needy).  The first request is denied, as the number and
nature of the drugs that Mutual manufactures is relevant
contextual information, at least within limits.  But the second
request is granted, as such "unrelated good acts" evidence, not
justified by Mutual for any permissible reason under Rule of
Evidence 404(b), is impermissible character evidence, see Fed. R.

10

Evid. 404(a), 608, and otherwise is not relevant, <u>see</u> Fed. R.
Evid. 401, 402.


**Motion #12: Verdict's impact** (doc. 197)

Bartlett seeks to exclude any references to how a verdict in
her favor might impact the community, insurance costs, or the
drug industry.  Since Mutual has no objection to this motion, it
is granted.  <u>See</u> Fed. R. Evid. 403.


**Motion #13: Others' health** (doc. 198)

Bartlett seeks to exclude any references to the health of
other persons, including the fact that one of Mutual's experts
has suffered from cancer.  Since Mutual has no objection to this
motion, it is granted.  <u>See</u> Fed. R. Evid. 401, 402.  It should go
without saying, of course, that this ruling does not limit either
party from presenting evidence about the connection between
Sulindac and SJS/TEN, notwithstanding the fact that such evidence
may implicate SJS/TEN cases involving persons other than
Bartlett.


**Motion #14: Bartlett's history** (doc. 200)

**(a)-(b)** Bartlett seeks to exclude evidence that she did not
read Sulindac's label.  Mutual argues that such evidence is

11

relevant to show that the label is intended for the doctor, not the patient.  But that is a point of law (known as the "learned intermediary" rule) on which both parties agree, not a disputed fact that Mutual needs to prove at trial.  See <u>Bartlett v. Mut. Pharm. Co.</u>, 2010 DNH 112, 12 n.5.  Moreover, the use of such evidence would be just as likely to suggest to the jury that Bartlett should have read the label, which is contrary to the law.  Bartlett's request is therefore granted, <u>see</u> Fed. R. Evid. 401, 402, without prejudice to a showing by Mutual that the evidence is relevant for some other purpose.

**(c)** Bartlett seeks to prohibit any reference to her statement, made at her deposition, that doctors should be aware of Sulindac's link to SJS/TEN.  She argues that such an opinion requires specialized knowledge, which she lacks.  See <u>See</u> Fed. R. Evid. 701, 702.  Mutual argues, in response, that the statement is admissible as a party admission, notwithstanding Bartlett's lack of expertise.  See <u>See</u> Fed. R. Evid. 801(d)(2), advisory committee notes (1972) (noting the "freedom which admissions have enjoyed ... from the restrictive influences of the opinion rule and the rule requiring firsthand knowledge"); <u>but see</u> 5 <u>Weinstein's Federal Evidence</u> § 801.30[4], at 801-55 (2d ed. 1997) (stating that party admissions "still must comply with other evidence rules").

Even assuming arguendo, however, that Bartlett's statement would be admissible as an admission, it is still "subject to exclusion under Rule 403 if its potential for unfair prejudice overwhelms its probative worth."  Williams v. Drake, 146 F.3d 44, 48 (1st Cir. 1998) (citing 5 Weinstein, supra, 801.20[3], at 801-44).  That is the case here.  Bartlett's statement has little probative value, not only because of her lack of expertise, but also because a witness who actually has such expertise (Mutual's expert Dr. Robert Stern) will testify that reasonable doctors should be aware of the link between Sulindac and SJS/TEN, see Bartlett, 2010 DNH 123, at 24, and because Bartlett's prescribing physician has testified that he did, in fact, know of that link, see Bartlett, 2010 DNH 112, at 6.  Given the statement's potential for unfair prejudice to Bartlett, her request to exclude it is granted.  See Fed. R. Evid. 403.

**(d)-(f)** Bartlett seeks to exclude evidence that, in addition to the skin reactions and swallowing problems that she allegedly suffered as a result of taking Sulindac, she has suffered other, less serious skin reactions and swallowing problems at other times in her life.  Mutual argues that such evidence is relevant because it suggests pre-existing conditions and hypersensitivity.  Mutual has no expert testimony to support those theories.  See Stevens v. Bangor & Aroostook R.R. Co., 97 F.3d 594, 601 & n.7 (1st Cir. 1996) (emphasizing that "there is adequate expert

13

testimony that an accident aggravated a pre-existing condition"
and noting "the problem of ... admissibility" in the absence of
such testimony).  Without expert testimony, the evidence may have
limited probative value.  This court is not prepared to
categorically exclude all such evidence at this point, but limits
may be imposed at trial to prevent unfair prejudice to Bartlett.
See Fed. R. Evid. 403.

   **(g)**   Bartlett seeks to exclude evidence that she previously
took antibiotics for a dog bite.  Mutual argues such evidence is
relevant because the antibiotics carried a risk of SJS/TEN, as
reflected on their warning label.  Mutual will certainly be
permitted to present evidence at trial that there are other drugs
that cause SJS/TEN.  Whatever limited relevance, if any, that
Bartlett's personal consent to use of such drugs might have,
however, is limited to instances where she was made aware of the
SJS/TEN risk involved.  Nothing in the record suggests, however,
that Bartlett read that label or was aware of the SJS/TEN risk.
The evidence thus has no little to no probative value and creates
a risk of unfair prejudice to Bartlett.  Her request is granted.
See Fed. R. Evid. 403.

   **(h)** Bartlett seeks to exclude evidence that her friend Linda
Mailhot, or any other lay witness without medical training, knew
that SJS/TEN were possible side effects of Sulindac.  Her request
is granted.  Such evidence is purely anecdotal and, contrary to

14

what Mutual argues, is not probative of what members in the
medical community generally knew or should have known.  See Fed.
R. Evid. 401, 402.  This ruling, of course, does not limit either
party from presenting evidence about whether Mutual or the FDA
knew about Sulindac's link to SJS/TEN, regardless of whether
their officials had medical training.

**(i)** Bartlett seeks to prevent Mutual from eliciting that
some of her treating physicians formed no opinion about whether
Sulindac caused her injuries, as established at their
depositions.  The request is denied.  As this court previously
explained, "Bartlett's treating physicians may testify about
whether Sulindac caused Bartlett's injuries, provided that they
reached that conclusion in a reliable manner while examining and
treating Bartlett."  Bartlett, 2010 DNH 123, at 36-37.  Bartlett
will not be unfairly prejudiced if some of her physicians testify
that they never reached any conclusion on that subject.  See Fed.
R. Evid. 403.

Bartlett also seeks to exclude any undisclosed expert
opinions about causation.  That request is covered by this
court's previous ruling on undisclosed expert opinions.  See
Bartlett, 2010 DNH 123, at 15-16.

**(j)** Finally, Bartlett seeks to exclude evidence that her
husband's first son was born out of wedlock.  Since Mutual

15

concedes that such evidence is inadmissible, Bartlett's request is granted.  <u>See</u> Fed. R. Evid. 401-403.

**<u>Motion #15: Uncalled witnesses</u>** (doc. 201)

Bartlett seeks to exclude any references by Mutual to witnesses not called by her to testify at trial, and any commentary on what their testimony might have been.  "Under certain conditions, a party may argue that the jury should draw an adverse inference against the opposing party because of its failure to call a witness."  <u>Colon-Millin v. Sears Roebuck de P.R., Inc.</u>, 455 F.3d 30, 34 n.2 (1st Cir. 2006).  Such an inference may not be drawn, however, "unless the evidence shows that the witness is available to testify on behalf of the party, that the testimony of the witness would be relevant and noncumulative, and that the witness is not prejudiced against the nonproducing party."  <u>Id.</u> (quoting <u>United States v. Ariza-Ibarra</u>, 651 F.2d 2, 15-16 (1st Cir. 1981)).  Bartlett's motion is thus granted in part.  Mutual may not comment on Bartlett's uncalled witnesses unless and until it lays a proper "missing witness" foundation and obtains this court's permission to do so.  Any such request shall be made outside the presence of the jury.

16

**Conclusion**

As set forth above, this court GRANTS in part and DENIES in part some of Bartlett's motions in limine (docs. 185, 186, 188, 196, 200, and 201), GRANTS some of them (docs. 191, 192, 193, 194, 195, 197, 198), DENIES one of them as moot (doc. 190), and takes one under advisement (doc. 189).

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  July 26, 2010

cc:  Keith M. Jensen, Esq.
     Bryan Ballew, Esq.
     Patrick J. O'Neal, Esq.
     Eric Roberson, Esq.
     Christine M. Craig, Esq.
     Timothy P. Beaupre, Esq.
     Joseph P. Thomas, Esq.
     Paul J. Cosgrove, Esq.
     Jeffrey D. Geoppinger, Esq.
     Linda E. Maichl, Esq.
     Stephen J. Judge, Esq.