UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen S. Bartlett

    v.                                  Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc.

**PROCEDURAL ORDER**

**Culpability defenses**

On or before **August 10, 2010,** the parties shall brief the following issues (30 page limit, not including exhibits or attachments):

(1) Whether Mutual has sufficient evidence to support an affirmative defense based on Dr. Ergin's alleged culpability in failing to read Sulindac's warning label and/or failing to warn Bartlett of the drug's risk of SJS/TEN.  Mutual shall describe with specificity the evidence that it plans to present in support of any such defense, including any expert testimony and the qualifications of the experts to give that testimony, and shall cite to and attach the relevant portions of the experts' reports or deposition transcripts.[1]

(2) Whether Mutual has sufficient evidence to support an affirmative defense based on Bartlett's alleged culpability in failing to stop taking Sulindac and/or failing to seek medical care as soon as she began feeling ill.  Mutual shall describe with specificity the evidence that it plans to present in support of any such defense, including any expert testimony on the issue of whether Bartlett's conduct caused or exacerbated her injuries,

---

[1] See, e.g., Goudreault v. Kleeman, 158 N.H. 236, 256 (2009) (ruling that "where the defendant seeks to reduce or eliminate the plaintiff's recovery by apportioning professional liability [to a nonparty doctor], it is only fair that [it] carry the plaintiff's burden of proof outlined in N.H. Rev. Stat. § 507-E:2," which requires "'affirmative evidence which must include expert testimony of a competent witness' of the standard of reasonable care, breach thereof and proximate causation of damages").

1

and shall cite to and attach the relevant portions of the experts' reports or deposition transcripts.

    (3) Whether and how, under the Federal Rules of Evidence and the Federal Rules of Civil Procedure (including the rules requiring notice of expert opinions), Mutual may use testimony by Bartlett's experts Dr. Tackett and Dr. Salisbury to prove any such defense, assuming Bartlett does not ask her experts about such matters on direct examination.

**Motion to exclude untimely medical records**

    The plaintiff's objection to Mutual's motion to exclude evidence of plaintiff's untimely medical records (document no. 292) is due **August 11, 2010.**

**Motion to reconsider reconsideration order**

    The plaintiff's objection to Mutual's motion for reconsideration of this court's order denying Mutual's earlier motion for reconsideration (document no. 293) is also due **August 11, 2010.**

    **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 4, 2010

cc:    Bryan Ballew, Esq.
       Keith M. Jensen, Esq.
       Patrick J. O'Neal, Esq.
       Christine M. Craig, Esq.
       Timothy P. Beaupre, Esq.
       Jeffrey D. Geoppinger, Esq.
       Joseph P. Thomas, Esq.
       Paul J. Cosgrove, Esq.
       Linda E. Maichl, Esq.
       Stephen J. Judge, Esq.
       Pierre A. Chabot, Esq.