UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Karen L. Bartlett</u>

  v.         Civil No. 08-cv-00358-JL

<u>Mutual Pharmaceutical</u>
<u>Company, Inc.</u>

### ORDER ON JURY SELECTION

Jury selection in the above-captioned matter will be conducted under the "struck" method and will include attorney-conducted voir dire.  <u>See</u> 28 U.S.C. § 1861 <u>et</u> <u>seq.</u>; Fed. R. Civ. P. 47, 48, 49; L.R. 47.2, 47.3, 48.  It will be conducted as follows:

1. **Size of jury:  Ten jurors (and no alternates)** will be seated.  Barring excusal pursuant to Rule 47(c), all jurors shall participate in the verdict.  The verdict shall be unanimous and no verdict shall be taken from the jury if its number is reduced to fewer than **six** members unless the parties agree otherwise subject to court approval.

2. **Standard voir dire**: Once the jury venire[1] is seated in the courtroom, the court will briefly describe the case, have counsel introduce themselves and their clients, read the names of potential witnesses, and ask the court's "standard" voir dire questions as may be supplemented upon request of the parties.

3. **Random selection and initial excusals for cause**: As each juror's name is randomly drawn, the juror will be asked whether he or she has any "yes" answers or other responses to the court's general

---

[1] No special jury questionnaire will be utilized.

>   voir dire questions.  If the juror indicates "no"
>   the juror will be seated in the jury box by a
>   Deputy Clerk.  If the juror answers "yes," the
>   juror will be asked to approach the bench for
>   examination by the court, counsel (if the court
>   permits), and potential challenge for cause by
>   counsel.  If the juror is found qualified (that
>   is, not excused for cause), the juror will be
>   seated in the jury box by a Deputy Clerk.  This
>   process will continue until the total number of
>   jurors needed, **in this case, 18[2] jurors**, is seated
>   in and in front of the jury box.

4.  **Attorney voir dire**:  Counsel will be permitted to conduct appropriate voir dire of the seated jurors.  Each party will be limited to a total of **30 minutes** of voir dire questioning.[3]  The court will keep track of the elapsed time from the bench.

5.  **Additional challenges for cause**:  After counsel have completed voir dire of the seated jurors, they will have the opportunity to request excusals for cause **at the bench**.  Another juror's name will be drawn randomly to replace any juror excused for cause.  The replacement juror(s) will be questioned by the court as to "yes" responses to the original, general voir dire, and if found qualified, will replace the excused juror(s).  Counsel will be allowed to utilize unused voir dire time to conduct voir dire of the replacement juror(s) only.

6.  **Peremptory challenges**:  After all requests for excusal for cause have been addressed, counsel may then exercise their peremptory challenges against the qualified panel.  **Each party** is entitled to

---

[2] The court has reconsidered its full approval of the parties' agreement at the final pretrial conference, but tried to preserve certain elements of it.  See ¶¶ 3, 6, 7 infra.

[3] Normally, at this point, a Deputy Clerk would remove the remaining members of the venire from the courtroom.  Here, by agreement between, and at the joint request of the parties, the remaining members of the venire will remain in the courtroom.

>    **four** peremptory challenges, **to be submitted en masse, simultaneously, in writing**.

7. After the peremptory challenges, the Deputy Clerk will empanel the necessary number of jurors, **in this case, ten**, and will excuse the remainder of the jury venire.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   August 4, 2010

cc:  Keith M. Jensen, Esq.
     Bryan Ballew, Esq.
     Patrick J. O'Neal, Esq.
     Eric Roberson, Esq.
     Christine M. Craig, Esq.
     Timothy P. Beaupre, Esq.
     Joseph P. Thomas, Esq.
     Paul J. Cosgrove, Esq.
     Jeffrey D. Geoppinger, Esq.
     Linda E. Maichl, Esq.
     Stephen J. Judge, Esq.