UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


Karen L. Bartlett

     v.                                  Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc.


**SUMMARY ORDER**

Defendant Mutual Pharmaceutical Company has moved to bifurcate the trial, which is scheduled to begin next week, into separate liability and damage phases, see Fed. R. Civ. P. 42(b), and also to exclude from trial photographs and other images taken of plaintiff Karen Bartlett when she was suffering from Stevens-Johnson syndrome ("SJS") and toxic epidermal necrolysis ("TEN"), see Fed. R. Evid. 403; L.R. 16.2(b)(3).  For the reasons explained below, this court denies both requests, without prejudice to any objections that Mutual may raise at trial to the admissibility of specific images.


## I.  Timeliness

Both of Mutual's requests could have and should have been made much earlier.  Mutual raised the bifurcation issue at the summary judgment hearing on June 1, 2010, and the court instructed it to file a motion.  Mutual waited nearly two months to do so, filing this motion only three weeks before trial (when Bartlett's efforts to line up witnesses for trial were already

underway and frequently discussed during hearings and telephone conferences).  The challenge to SJS/TEN images, meanwhile, is really a motion in limine.  The deadline for such motions was May 24, 2010.  Although Mutual has not shown good cause for delaying either request, the court will consider them nonetheless.

## II.  **Bifurcation**

Mutual requests that this court bifurcate the trial into separate liability and damage phases in order to avoid unfair prejudice and to promote judicial economy.  See Fed. R. Civ. P. 42(b) ("For convenience, to avoid prejudice, or to expedite or economize, the court may order a separate trial of one or more separate issues").  The party seeking bifurcation bears the burden of proving that it will satisfy the objectives set forth in the rule.  See 8 Moore's Federal Practice § 42.20[8], at 42-55 (3d ed. 2007).  This court has broad discretion in determining whether bifurcation is appropriate.  See, e.g., Lisa v. Fournier Marine Corp., 866 F.2d 530, 531 (1st Cir. 1989); 8 Moore's, supra, § 42.20[5], at 42-50.

Mutual argues, first, that it would be unfairly prejudicial for evidence of Bartlett's severe injuries to be presented to the jury before liability has been determined, because that could result in a verdict based on "horror and sympathy."  But evidence of SJS/TEN's severity would be admissible at the liability phase even if the trial were bifurcated, because such evidence is

highly relevant to whether Sulindac is unreasonably dangerous. See Fed. R. Evid. 401, 402.  So Mutual's claim of unfair prejudice is overstated.

While it is true that a product's risks and benefits must be evaluated with reference to "the public as a whole," Vautour v. Body Masters Sports Indus., Inc., 147 N.H. 150, 154 (2001), not Bartlett in particular, some evidence of Bartlett's injuries would also be admissible at the liability phase to prove that Sulindac's defective condition caused those injuries.  Mutual indicated at the final pre-trial conference that it has no intent to challenge Bartlett's evidence on the issue of strict liability causation, but that it will require her to come forward with sufficient evidence, rather than stipulate to causation.  And even if causation were conceded, some evidence of Bartlett's ordeal would still be admissible to "paint[] the backdrop" of the case.  Faigin v. Kelly, 184 F.3d 67, 81 (1st Cir. 1999) (calling it "well-settled that 'context' evidence generally is admissible").

Mutual also argues that bifurcation could save time and resources (at least if Mutual prevails on liability) because the trial is expected to last four weeks and "there is no overlap between the evidence necessary to establish liability and the evidence to establish damages."  Actually, there is significant overlap.  Many of the damages witnesses, including four treating

physicians and two of Bartlett's experts, are the same witnesses who will testify on causation.  See Bartlett v. Mut. Pharm. Co., 2010 DNH 123, 36-37 (allowing treating physicians to express causation opinions if they were formed reliably during the course of Bartlett's treatment) (citing Sprague v. Liberty Mut. Ins. Co., 177 F.R.D. 78, 81 (D.N.H. 1998)).  Thus, bifurcation would likely result in duplication of evidence.  Moreover, it would force busy doctors from Boston hospitals to make two trips to New Hampshire for this trial, which is not the most efficient approach.

While bifurcation of liability and damages may be appropriate in some cases, it is "not the normal course of events, and a single trial will usually be more expedient and efficient."  8 Moore's, supra, § 42.20[4][a], at 42-46; see also Fed. R. Civ. P. 42(b), advisory committee notes (1966) ("separation of issues for trial is not to be routinely ordered").  After considering all of the factors set forth in Rule 42(b), the court does not believe that this case warrants a departure from the normal course.  Mutual's request for bifurcation is denied.

## III.  Images of SJS/TEN

Mutual also requests that this court exclude from trial photographs and other images of Bartlett (or anyone else) suffering from SJS/TEN.  Citing Federal Rule of Evidence 403,

Mutual argues that the probative value of such images is substantially outweighed by the risk of unfair prejudice.  But Mutual has not attached the relevant images to its motion.  This court cannot conduct the Rule 403 analysis in the abstract, without seeing the images firsthand and without knowing whether they are cumulative of other evidence.  Some evidence of SJS/TEN's severity, including images, will certainly be admissible.  Mutual's request to exclude all such evidence is therefore denied, without prejudice to any objections that Mutual may raise at trial to the admissibility of specific images.

   **SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  August 10, 2010

cc:  Keith M. Jensen, Esq.
     Bryan Ballew, Esq.
     Patrick J. O'Neal, Esq.
     Eric Roberson, Esq.
     Christine M. Craig, Esq.
     Timothy P. Beaupre, Esq.
     Joseph P. Thomas, Esq.
     Paul J. Cosgrove, Esq.
     Jeffrey D. Geoppinger, Esq.
     Linda E. Maichl, Esq.
     Stephen J. Judge, Esq.
     Pierre A. Chabot, Esq.