UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Karen L. Bartlett

    v.                                    Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc.

**SUMMARY ORDER**

    This court recently ordered the parties, in advance of next week's trial, to brief (1) whether plaintiff Karen Bartlett has trialworthy claims for negligence or enhanced compensatory damages,[1] and (2) whether the defendant Mutual Pharmaceutical Company has sufficient evidence to support its affirmative defenses based on the allegedly culpable conduct of Bartlett or her doctor, Tahsin Ergin.[2]  After reviewing the parties' briefs and the evidence proffered in support of those claims and defenses, this court concludes that none of them raises a genuine issue of material fact.  See Fed. R. Civ. P. 56(c)(2).  Mutual is therefore granted judgment as a matter of law on Bartlett's claims for negligence and enhanced compensatory damages, and Bartlett is granted judgment as a matter of law on Mutual's defenses based on the conduct of Bartlett and Dr. Ergin (specifically, the defenses of comparative negligence,

---

    [1]Document no. 281.

    [2]Document no. 296.

apportionment, plaintiff's misconduct/failure to follow instructions, and superseding cause).

"It is without question that district courts, in appropriate circumstances, are entitled to enter summary judgment <u>sua sponte</u>." <u>P.R. Elec. Power Auth. v. Action Refund</u>, 515 F.3d 57, 64 (1st Cir. 2008). To guard against any unfairness to the parties, our court of appeals "has required two conditions prior to the district court's exercise of such a right": (1) "the discovery process must be sufficiently advanced that the parties have enjoyed a reasonable opportunity to glean material facts," and (2) "the district court must provide the targeted party with appropriate notice and a chance to present its evidence on the essential elements of the claim or defense." <u>Id.</u> at 64-65. Both of those conditions have been met here: the discovery process is over, and this court gave both parties notice and an opportunity to present their evidence.[3]

Given that the trial is scheduled to begin on Monday, the court likely will not be able to provide a more detailed order explaining this ruling until after the trial has begun. But such an order is forthcoming. To provide a brief explanation now, Bartlett's negligence claim is largely an improper attempt to revive her failure-to-warn claims, on which this court already

---

[3]In addition to the briefing mentioned above, this court discussed its concerns about these claims and defenses with the parties during the final pre-trial conference. <u>See</u> documents no. 301, 302.

granted summary judgment. See Bartlett v. Mut. Pharm. Co., 2010 DNH 112, 22. And to the extent that her claim is based on conduct other than failure-to-warn, Bartlett has not presented sufficient evidence to establish causation. Since her claim for enhanced compensatory damages is based on that same conduct, it also fails for lack of causation (regardless of whether she prevails on her strict liability claim). Mutual, in turn, has not presented the expert testimony necessary to establish that Bartlett's conduct caused or contributed to her injuries, or that Dr. Ergin breached his professional standard of care in a way that caused or contributed to Bartlett's injuries (even if one counts the testimony of Bartlett's experts).

For purposes of orienting the parties for trial, the court views the following claim and defenses as the only ones remaining in the case: Bartlett's claim of strict liability based on defective design, see id. at 22-26; Mutual's "comment k" or "unavoidably unsafe" defense, see id. at 24-26 (citing Restatement (Second) of Torts § 402A, cmt. k (1965)); and Mutual's "state of the art" defense, see N.H. Rev. Stat. § 507:8-g.[4] Mutual shall notify the court forthwith if it does not wish to pursue either of those defenses at trial.[5]

---

[4] As discussed at the final pre-trial conference, the court does not view Mutual's invocation of the "learned intermediary doctrine" and "industry standards" as true defenses, but rather as legal principles relevant to other claims and defenses.

[5] To the extent that it may impact Mutual's decision on whether to pursue the "state of the art" defense, the court notes

This court will make relevancy determinations at trial solely with reference to that remaining claim and defenses, see Fed. R. Evid. 401, 402, which may require revisiting some of the earlier limine rulings deeming evidence relevant and admissible to support Bartlett's claims for negligence and enhanced compensatory damages or Mutual's stricken defenses.  See Bartlett v. Mut. Pharm. Co., 2010 DNH 131, 2 n.1.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   August 11, 2010

cc:     Bryan Ballew, Esq.
        Keith M. Jensen, Esq.
        Patrick J. O'Neal, Esq.
        Christine M. Craig, Esq.
        Eric Roberson, Esq.
        Timothy P. Beaupre, Esq.
        Jeffrey D. Geoppinger, Esq.
        Joseph P. Thomas, Esq.
        Paul J. Cosgrove, Esq.
        Linda E. Maichl, Esq.
        Stephen J. Judge, Esq.
        Pierre A. Chabot, Esq.

---

that it intends to give a jury instruction that directly tracks the language of the statute.  See N.H. Rev. Stat. § 507:8-g. Consistent with the statute and this court's earlier rulings, the instruction will also set forth the procedures required by the Food & Drug Administration ("FDA") for surveying the medical literature, see Bartlett, 2010 DNH 112, at 30-32, so that the jury can analyze whether Sulindac's risks were discoverable using those procedures.  If Mutual withdraws the defense, then those procedures will no longer be relevant and thus will not be presented to the jury.