```
              UNITED STATES DISTRICT COURT
                DISTRICT OF NEW HAMPSHIRE
```

Karen L. Bartlett

    v.                                Civil No. 08-cv-00358-JL

Mutual Pharmaceutical
Company, Inc.

**SUMMARY ORDER**

Defendant Mutual Pharmaceutical Company has moved for reconsideration of this court's order denying Mutual's earlier motion for reconsideration of this court's summary judgment ruling. See Bartlett v. Mut. Pharm. Co., 2010 DNH 112 (summary judgment ruling); Bartlett v. Mut. Pharm. Co., 2010 DNH 130 (denying Mutual's first motion for reconsideration). For the reasons discussed at length in those orders, at the final pre-trial conference (see documents no. 301 and 302), and below, Mutual's motion is denied.

Although Mutual claims that "[m]erely because a product is [unreasonably] dangerous does not, under New Hampshire law, mean it is defective," the two most recent decisions from the New Hampshire Supreme Court on this point expressly state that "a product is defective as designed if the magnitude of the danger outweighs the utility of the product." Vautour v. Body Masters Sports Indus., Inc., 147 N.H. 150, 154 (2001) (quoting William

Prosser et al., Prosser and Keeton on the Law of Torts § 99, at 699 & n.30 (5th ed. 1984)); Kelleher v. Marvin Lumber & Cedar Co., 152 N.H. 813, 831 (2005).  This court is bound to follow the plain meaning of those statements, notwithstanding any language arguably to the contrary in the earlier case of Buckingham v. R.J. Reynolds Tobacco Co., 142 N.H. 822 (1998).

Moreover, Vautour and Kelleher expressly state that "the plaintiff is not required to present evidence of a safer alternative design" in a defective design case.  Kelleher, 152 N.H. at 831 (2005); see also Vautour, 147 N.H. at 156.  The question remains as to how, under Mutual's reading of Buckingham and Vautour/Kelleher, a plaintiff could prove a "defect" without proving some alternative design.  In its motion, Mutual gave a circular answer:  that "to respond to the Court's call for an explanation, a plaintiff may prove a defect in a product's design by producing evidence that a particular aspect of the product is defective."  When pressed at the pre-trial conference, Mutual gave an unhelpful answer:  "there has to be an alternative [design]; you just don't have to prove up the alternative."  Proof, though, is all that counts here.

Vautour and Kelleher provide a much simpler answer to this court's question:  a plaintiff may prove a defect by showing that the product's risks outweigh its benefits, making it unreasonably dangerous to consumers.  That is the law this court followed in

its earlier orders, and will continue to follow here and at the upcoming trial.[1]

As a final note, Mutual acknowledged at the pre-trial conference that its reading of <u>Buckingham</u> and <u>Vautour</u>/<u>Kelleher</u> would have the practical effect of immunizing nearly all drug manufacturers from strict liability, no matter how dangerous the drug, no matter how minimal its benefits, no matter what its warning said (unless the prescribing doctor read and relied on the warning), and even if other, similar drugs offer the same benefits with less risk.[2] While that result may be defensible on public policy grounds, <u>see</u> <u>Brown v. Super. Ct.</u>, 751 P.2d 470 (Cal. 1988), it is not this court's place to announce it as the public policy of New Hampshire, especially in the face of <u>Vautour</u> and <u>Kelleher</u>.

Because Mutual has not demonstrated that this court's order denying its earlier motion for reconsideration "was based on a

---

[1] Moreover, even if Bartlett had to prove an alternative design, this court is skeptical of Mutual's argument that she cannot do so by showing that other non-steroidal anti-inflammatory drugs ("NSAIDs") offer the same benefits as Sulindac with less or no risk of Stevens-Johnson syndrome/toxic epidermal necrolysis ("SJS/TEN"). See <u>Bartlett</u>, 2010 DNH 130, at 11 n.6. That additional, unnecessary, and unexpected risk of SJS/TEN is, in <u>Vautour</u>'s terminology, what Bartlett alleges is "wrong" with the product. 142 N.H. at 826.

[2] The only exception, in Mutual's view, would be drugs whose dosage or other design features could be altered to reduce or eliminate the unreasonable danger, as in <u>Brochu v. Ortho. Pharm. Corp.</u>, 642 F.2d 652 (1st Cir. 1981).

manifest error of fact or law," L.R. 7.2(e), Mutual's motion for reconsideration[3] is DENIED.

**SO ORDERED.**

                                                  _____
                                                  Joseph N. Laplante
                                                  United States District Judge

Dated: August 12, 2010

cc: Keith M. Jensen, Esq.
    Bryan Ballew, Esq.
    Patrick J. O'Neal, Esq.
    Eric Roberson, Esq.
    Christine M. Craig, Esq.
    Timothy P. Beaupre, Esq.
    Joseph P. Thomas, Esq.
    Paul J. Cosgrove, Esq.
    Jeffrey D. Geoppinger, Esq.
    Linda E. Maichl, Esq.
    Stephen J. Judge, Esq.
    Pierre A. Chabot, Esq.

---

[3] Document no. 293.