UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

<u>Karen L. Bartlett</u>

    v.                               Civil No. 08-cv-00358-JL

<u>Mutual Pharmaceutical</u>
<u>Company, Inc.</u>

**SUMMARY ORDER**

Defendant Mutual Pharmaceutical Company has moved to stay the execution of this court's judgment and any proceedings to enforce it pending the disposition of Mutual's post-trial motions, <u>see</u> Fed. R. Civ. P. 62(b), and any subsequent appeal, <u>see</u> Fed. R. Civ. P. 62(d). Shortly after that motion was filed, this court granted a temporary stay and ordered Mutual to "demonstrate that it has taken appropriate steps to provide for [plaintiff Karen] Bartlett's security, including the posting of a supersedeas bond or other step(s) that provide security equivalent to that of a supersedeas bond." Document no. 393 (citing <u>Peacock v. Thomas</u>, 516 U.S. 349, 359 n.8 (1996)). Mutual responded by submitting evidence that it has more than $27 million in insurance coverage available to satisfy the judgment (which was for $21.06 million plus interest, currently estimated by Bartlett at an additional $2.29 million or so) and requesting

1

that this court approve that "alternative security" in lieu of requiring Mutual to post a supersedeas bond.

Specifically, Mutual submitted sworn declarations from its primary insurer, Noetic Specialty Insurance Company, and its excess insurers, Lexington Insurance Company and Chubb & Son (a division of Federal Insurance Company), confirming that each insurer had issued a $10 million insurance policy to Mutual, that a claim for this lawsuit had been made against each policy, and that the insurers had made no reservation of rights on that claim, such that if the judgment in Bartlett's favor is upheld by this court and affirmed on appeal, the insurers will pay the policy proceeds to Bartlett in satisfaction of that judgment. The primary insurer, Noetic, explained that the coverage available under its policy had eroded from $10 million to about $7 million so far (due to attorneys' fees for defending this action), but stated that in the event of further erosion, it would secure a bond to ensure that the total security for the judgment would not drop below $26 million.

After Mutual's submission, this court held a conference call with the parties to discuss the supersedeas bond issue. Bartlett, while conceding that this court has discretion to waive the bond requirement if Mutual can show equivalent security, see, e.g., Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988), argued that Mutual had not made such a showing.  In

particular, Bartlett expressed concerns about whether (1) the insurer's declarations were signed by officials with authority to bind each insurer, (2) the insurers were strong enough financially, and (3) the insurers might refuse to pay the judgment after appeal or unreasonably delay in doing so (notwithstanding their declarations). She reiterated those concerns in her subsequently filed objection.

Mutual responded to Bartlett's concerns by submitting amended declarations from each insurer, in which the signatories (1) confirmed their authority to bind their respective companies, (2) confirmed their companies' financial strength and long-term viability,[1] and (3) described the straightforward process for making payment in the event that the judgment in this case is upheld by this court and affirmed on appeal. According to each of the declarations, payment is "routinely accomplished within 30 days . . . and that will be the case here."

In light of those amended declarations, this court concludes that Mutual's insurance coverage provides appropriate security for Bartlett, equivalent to that of a supersedeas bond (both in terms of ensuring "the availability of funds to pay the judgment"

---

[1] According to the declarations, Noetic has an A- credit rating from an independent rating agency, Lexington has an A credit rating, Chubb has an A++ rating, and all three companies have sufficient cash reserves to satisfy the policy limits in this case.

and ensuring a simple and prompt procedure for collecting those funds, Dillon, 866 F.2d at 904). Requiring Mutual to post a supersedeas bond under these circumstances, and thereby adding another layer of protection beyond Mutual's three insurance policies, would be superfluous and "a waste of money."[2] Id. at 904; see also Acevedo-Garcia v. Vera-Monroig, 296 F.3d 13, 17 (1st Cir. 2002). This court therefore exercises its discretion to waive the requirement that Mutual post a supersedeas bond in order to obtain a stay under Fed. R. Civ. P. 62(b) and 62(d).

For the reasons set forth above, Mutual's emergency motion to stay any proceedings to enforce the judgment pending post-trial motions and appeal (document no. 391) and its emergency motion for approval of alternative security in lieu of a supersedeas bond (document no. 399) are both GRANTED. The execution of this court's judgment and any proceedings to enforce it are STAYED pending the disposition of Mutual's post-trial motions and any subsequent appeal. Mutual shall notify this court and Bartlett immediately if any of the representations upon which the stay is based (including but not limited to any representations about the financial strength of Mutual's insurers) becomes incorrect or incomplete.

---

[2]According to Mutual, the cost of such a bond would be between $200,000 and $500,000.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:  October 22, 2010

cc:     Bryan Ballew, Esq.
        Keith M. Jensen, Esq.
        Patrick J. O'Neal, Esq.
        Eric Roberson, Esq.
        Christine M. Craig, Esq.
        Timothy P. Beaupre, Esq.
        Jeffrey D. Geoppinger, Esq.
        Joseph P. Thomas, Esq.
        Paul J. Cosgrove, Esq.
        Linda E. Maichl, Esq.
        Stephen J. Judge, Esq.
        Pierre A. Chabot, Esq.